UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeremy Clay Orr, #610735, | ) | C/A No.  3:24-4435-DCC-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| Richland County Sheriff's Office, | ) | |
| Richland County Sheriff Leon Lott, | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. This case is before the undersigned due to Plaintiff's failure to comply with the magistrate judge's order dated October 17, 2024, for Plaintiff to file an Amended Complaint. (ECF No. 12).

The mail in which the Order was sent to Plaintiff's provided address has not been returned to the court, thus it is presumed that Plaintiff received the Order, but has neglected to comply with the Order within the time permitted under the Order.   The Court has not received a response from Plaintiff and the time for compliance has passed.

"The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute.  Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Plaintiff has failed to properly respond to the Order within the time ordered. In a case in which there was an order for a plaintiff to amend his complaint and there was no amended complaint filed, the Fourth Circuit Court of Appeals affirmed the R. 41 dismissal, stating that plaintiff asserted

he "chose" to stand on his complaint but plaintiff "cannot choose whether or not to comply with a court order." *Justice v. N. Carolina Dep't Health & Hum. Servs. Sec'y*, No. 20-1597, 2022 WL 42465, at *2 (4th Cir. Jan. 5, 2022)(unpublished)("even if the district court's [prior order] was error, the court subsequently dismissed the case for failure to comply with a court order, rendering any error irrelevant."). Plaintiff's lack of response indicates an intent to not prosecute this case, and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Accordingly, this case is dismissed without prejudice. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Spartanburg, South Carolina  
December 12, 2024

s/Donald C. Coggins, Jr.  
The Honorable Donald C. Coggins, Jr.  
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.